### HARRIS LIPSHITZ v. THE STATE.

No. 567.   Decided March 30, 1910.

Rehearing denied May 4, 1910.

**Extradition—Statement of Facts—Presumption.**

Where, upon appeal in extradition proceedings, there was no statement of facts in the record, it will be presumed that the relator was in legal custody and that at the time he was tried under habeas corpus a warrant of arrest had been issued by the Governor of Texas, and that this warrant was issued after the writ of habeas corpus had been granted, and when it was discovered by the court granting the writ that the Governor had issued the warrant commanding the prisoner to be delivered to the agent of the demanding State, that he was so delivered, and there was no error in not delivering him to the officer who first arrested him.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. Robert B. Seay.

Appeal from habeas corpus proceedings asking release from arrest under extradition proceedings.

The opinion states the case.

*J. E. Michaelson* and *A. S. Baskett*, for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from an order of the Criminal District Court of Dallas County refusing to discharge the relator, Harris Lipshitz.

There is no statement of facts accompanying the record. We find that on June 9, 1909, relator applied to the district judge of Dallas County for a writ of habeas corpus on the ground that he was illegally restrained of his liberty by one R. L. Cornwell, chief of police of the city of Dallas. The writ was granted on the same day, and the chief of police waived the issuance and service of the writ. The record does not show by what authority the chief of police held the prisoner. On June 21 thereafter the case came to trial before the district judge, and we find the following judgment in the record:

"This day this cause being called for trial came the county attorney for the State, and the relator in his own proper person and by his attorney and announced ready for trial, and the court after hearing and considering said evidence and argument of counsel, made its order to read in words and figures as follows:

" 'June 21, 1909, relator remanded to the custody of John F. Sheehan, agent of State of Illinois, to be by him carried to the State of Illinois in accordance with the requisition of the Governor of Texas.'

"Defendant excepts and gives notice of an appeal to the Court of Criminal Appeals of State of Texas. Amount of appeal bond is fixed at sum of $1000."

We find also in the record a requisition from the Governor of the State of Illinois appointing John F. Sheehan as messenger and agent on the part of the State of Illinois to take and receive from the proper authorities of Texas H. A. Lipshitz, who is a fugitive from justice, and convey him to the State of Illinois, there to be dealt with according to law. This was signed on the 12th day of June, 1909. We find in the record that on the 19th day of June, 1909, that a warrant was issued by T. M. Campbell, Governor of Texas, directed to the sheriffs, constables and other civil officers of the State of Texas, and reciting that it had been made known to him by the Governor of the State of Illinois that the said H. A. Lipshitz stands charged by indictment before the proper authorities with the crime of confidence game and obtaining money under false pretenses committed in said State, and that the relator has taken refuge in the State of Texas, and that the Governor of Illinois having made a demand for said relator, and that he be delivered to the said John F. Sheehan, and that said demand of said Governor of Illinois is accompanied with proper indictment duly certified, and said warrant issued by the Governor of Texas commands all sheriffs, constables and other civil officers of this State to arrest and aid and assist in arresting said fugitive, and to deliver him when arrested to the said John F. Sheehan, the agent of the

Governor of Illinois, in order that he may be taken back, etc. These are the only papers found in the transcript before this court. No bills of exception appear in the record.

Appellant has filed a brief in this court and urges two grounds why he should be discharged: First, that relator should be discharged because there was no return by the respondent, R. L. Cornwell, as required by law, and that the return is not signed or sworn to by the person making it; second, that the trial court erred in remanding relator to John F. Sheehan for the reason that he was a stranger to the record, and that the court should either have discharged relator or remanded him to the custody of the respondent, Cornwell. Why or by what authority Lipshitz had been arrested we are not advised.

Our statute, on the subject of fugitive from justice, provides as follows:

Article 1051 of the Code of Criminal Procedure provides, in substance, that if any person shall flee from any State where he stands charged with felony or other crime, and be found in this State, he shall, on demand of the executive authority of the State from which he fled, be delivered up.

Article 1052 provides that it is made the duty of all judicial and peace officers of the State to give aid in the arrest and detention of a fugitive from any other State or territory, that he may be held subject to a requisition by the Governor of the State or territory from which he may have escaped.

Article 1053 provides that whenever a complaint on oath is made to a magistrate that any person within his jurisdiction is a fugitive from justice from another State or territory, it is his duty to issue a warrant of arrest for the apprehension of the person accused.

Article 1054 sets out the essential elements of such complaint.

Article 1055 provides that the warrant of a magistrate to arrest a fugitive from justice shall direct a peace officer to apprehend the person accused and bring him before such magistrate.

Article 1056 provides that when the person accused is brought before the magistrate he shall hear proof, and if satisfied that the defendant is charged in another State or territory with the offense named in the complaint, he shall require of him bail, with good and sufficient security, in such amount as such magistrate may deem reasonable, to appear before such magistrate at a specified time, and in default of such bail he may commit the defendant to jail to await a requisition from the Governor of the State or territory from which he fled.

Article 1058 provides that a person arrested under the provisions of this title shall not be committed or held to bail for a longer time than ninety days.

Article 1060 provides that the magistrate shall also immediately notify the district or county attorney that such party has been arrested, and it is made the duty of said district or county attorney to

notify the executive authority of the State or territory from which the accused is charged to have fled.

Article 1062 provides that if the accused is not arrested under a warrant from the Governor of this State before the expiration of ninety day's from the day of his commitment or the date of the bail bond, he shall be discharged.

Article 1063 provides that a person who shall have been once arrested under the provisions of the preceding article, or discharged by habeas corpus, shall not be again arrested upon a charge of the same offense, except by a warrant from the Governor of this State.

Now then, we gather from these articles that the magistrate, upon complaint, can have a party arrested as a fugitive from justice; that he can hold that party for ninety days to await requisition papers, and then when requisition papers are received, a warrant is issued by the Governor that the party shall be immediately surrendered under the warrant of the Governor. That he may hold him ninety days for this purpose, and that if the party had been discharged under habeas corpus, he can not be again arrested except upon the warrant of the Governor. In the absence of a statement of facts we have the right to presume that relator was in custody of the chief of police; that at the time the habeas corpus was tried a warrant of arrest had been issued by the Governor of Texas, and that this warrant was issued after the writ of habeas corpus had been granted, and when it was discovered by the court granting the writ, that the Governor had issued the warrant and had commanded that the prisoner be delivered to the agent appointed by the Governor of Illinois, he was delivered under said warrant of the Governor of Texas to said agent. This, we think, was the proper practice, and was carrying out the provisions of the statute. After the issuance of the warrant by the State of Texas the prisoner could not be held except by authority of this warrant. The court could not turn the prisoner back to Cornwell, because the warrant of the Governor directed that the prisoner be delivered to the agent. When the matter was brought before the court on habeas corpus, the prisoner was no longer in the custody of the officers, but in the custody of the court, and it was the duty of the court to have directed the delivery of the prisoner to the agent appointed by the Governor of Illinois.

In the light of the record before us, and in the absence of a statement of facts, we find nothing in the record that would authorize a reversal, therefore, the judgment of the court below is affirmed.

*Affirmed.*

[Rehearing denied May 4, 1910.—Reporter.]